I concur in the result. I agree completely that the adjudication of delinquency must be affirmed on the ground that Driskill committed an act designated as a crime (resisting arrest), but I also think that Driskill committed a delinquent act as charged in Count I; therefore, I cannot agree with that portion of the majority opinion which holds otherwise.
What will constitute a breach of the peace depends on the person to whom abusive, insulting and profane language is uttered, and the occasion. 11 C.J.S. Breach of the Peace §§ 3 and 4, p. 819.
Driskill, in brief, characterizes his conduct as "perhaps immature and unwise" and "an example of very poor manners and extremely immature behavior." The trial judge characterized Driskill's conduct as follows:
 "And, from my experiences a lot less than what this child did at a football game has caused a lot of breaches of the peace. Over the years we have had a lot of heads knocked open, a lot of police officer's heads knocked open and caused by a lot less than what this child did. Just the fact that he returned a second time to that gate that he was told he could not cross, even that much is enough to tend to create a breach of the peace."
I think the trial judge made the more reasonable characterization. I would affirm his judgment.